[No. 24939. Department Two. February 20, 1934.]

*In the Matter of the Estate of* NELLIE M. ROBISON, *Deceased.*

C. C. PINNICK, *Respondent,* v. NELLIE ROBISON *et al., Appellants.*[1]

[1]Reported in 29 P. (2d) 700.

*James P. H. Callahan,* for appellants.
*John D. Ehrhart,* for respondent.

TOLMAN, J.—This is an appeal by the administratrix and her surety from an order requiring them to pay forthwith a claim for funeral expenses in the sum of three hundred dollars.

It appears that, on October 4, 1929, appellant Nellie Robison was duly appointed as adminstratrix of the estate of the deceased Nellie M. Robison, and thereafter duly qualified, with the appellant surety company as surety upon her official bond. An inventory was filed and an appraisement duly had, from which it appears that there came into the hands of the administratrix $236 in cash, household furniture of the value of $300, and improved real estate of the value of $3,350, which was subject to a mortgage payable in monthly installments upon which there was then owing a balance of $1,474.03. A claim for funeral expenses in the sum of $325 was presented, allowed by the administratrix and by the court, and duly filed with the clerk of the court on October 25, 1929.

No report was filed by the administratrix until April 28, 1933, and the report filed on that day shows rents collected amounting to $627.75, which, with the cash on hand at the time of the appointment, made the total cash received by the administratrix $863.75. The report shows many items of upkeep and repairs to the real estate paid from time to time, a considerable number of monthly installments on the mortgage,

some claims which were probably expenses of the last illness of the deceased and some which were probably general claims against the estate, together with the court costs, all paid out of these cash receipts, and also a payment on account of the funeral expenses of but twenty-five dollars, leaving a balance of cash in the hands of the administratrix at the date of the report of but $11.59.

The report also shows that nothing has been paid to the administratrix or to her attorney on account of services, and that the payments on account of the mortgage were made to prevent default, foreclosure, and the loss of the equity in the real estate.

Following the filing of this report, respondent, C. C. Pinnick, filed his petition showing that he had filed a claim for funeral expenses in the sum of $325, which had been allowed, and that no part of that claim had been paid except twenty-five dollars, which was paid in January, 1930. The petition set forth the amount of money received by the administratrix, as shown by her report already referred to, and prayed for a show cause order directed to the administratrix and her surety, requiring them to appear and show cause why they should not be ordered to pay the balance of the petitioner's claim forthwith.

The show cause order issued, and the administratrix made an extended answer, seeking to justify her actions because of the necessity of preserving the equity in the real estate, showing the impossibility of selling or mortgaging that equity and pleading that the respondent acquiesced in the plan to use the cash assets for that purpose. The surety company also answered, pleading acquiescence and estoppel. A hearing was had, and evidence received tending to show the conditions outlined in the answers, except that there was

a failure to show acquiescence by respondent, or any conduct on his part which would amount to an estoppel. The trial court found that the administratrix had on hand in January, 1930, more than sufficient money to pay this claim, and ordered the administratrix, or her surety, to pay the claim forthwith.

Notwithstanding the undoubted good faith of the administratrix and her attorney, the statute does not allow of the exercise of discretion in the matter of paying funeral expenses.

Rem. Rev. Stat., § 1541, provides:

"Order for payment of debts. The debts of the estate shall be paid in the following order:

"(1) Funeral expenses in such amount as the court shall order."

All other claims are subordinated, and are made payable in order after the amount allowed for funeral expenses has been fully paid. The statute is plain, unambiguous and mandatory.

No doubt, the statutory right of payment may be waived, but the burden of proving acts constituting such a waiver is upon the party asserting a waiver as a defense. Clearly, that burden has not here been met.

It is argued that, upon the particular date fixed by the trial court, the administratrix did not have on hand sufficient money to pay this claim. But, assuming that there was error in that respect, still it clearly appears that, if the administratrix had not otherwise applied the money coming into her hands, she very soon thereafter would have had sufficient cash to pay this claim.

We note the argument that the administratrix was bound to preserve the assets of the estate for general creditors and for the distributees, but the rights of all these are subsequent to the claim here involved.

So, also, as to the fees of the administratrix and her attorney. If such fees as costs of the administration should have had preference over funeral expenses, that matter should have been at once presented to the court and an order obtained fixing such fees and directing their payment as an expense of the administration prior to the payment of the claim of any creditor, even though preferred by the statute. No claim having been made or allowed for administratrix fees and attorney fees, and the matter of such fees never having been presented to the trial court until the time of hearing on the show cause order, we cannot hold that it was error for the court to disregard the claim for such fees under the conditions shown by this record.

Finding no error, the judgment is affirmed.

BEALS, C. J., BLAKE, GERAGHTY, and MILLARD, JJ., concur.

